# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ERIC DePAOLA,** | )<br>) |
| Plaintiff, | ) Case No. 7:17CV00028<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **HAROLD CLARKE, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Eric DePaola, Pro Se Plaintiff; Mary Grace Miller, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants Clarke, Barksdale, Mullins, Robinson, and Elam.*

The plaintiff, Eric DePaola, a Virginia inmate proceeding pro se, alleges in his Amended Complaint under 42 U.S.C. § 1983 that he was denied due process protections in disciplinary proceedings in which he was found guilty and fined. The defendants, by counsel, have filed a Motion for Summary Judgment, asserting that they are entitled to absolute or qualified immunity and, in the alternative, that DePaola's claims are without merit. The defendants have also moved to stay discovery until the threshold issue of qualified immunity is decided. After review of the record, the court concludes that the requested stay is not appropriate.

The doctrine of qualified immunity protects government officials from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity, as a threshold issue, can operate to protect government officials from the burdens of discovery and trial. *See Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991). An officer is entitled to qualified immunity if the court finds that either: (1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right; or (2) the right was not clearly established such that it would not have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Henry v. Purnell*, 501 F.3d 374, 377 (4th Cir. 2007) (internal quotation marks and citation omitted); *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that court may determine which facet of qualified immunity analysis to consider first).

The defendants first argue that DePaola's § 1983 claims about his disciplinary proceedings are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and that as such, they were entitled to qualified immunity. I cannot agree.

Under the ruling in *Heck*, "a state prisoner's § 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of [that prisoner's] confinement or its duration," unless the prisoner proves that the challenged criminal or disciplinary conviction has been terminated in his favor. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (interpreting *Heck* holding); *see also Edwards v. Balisok*, 520 U.S. 641, 647-48 (1997) (applying Heck to § 1983

claim seeking restoration of good conduct time forfeited as penalty for prison disciplinary conviction). The favorable termination requirement in *Heck* and *Balisok* does not apply, however, to disciplinary conviction challenges that do not call into question the fact or length of the inmate's term of confinement. *See, e.g., Balisok*, 520 U.S. at 648; *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) (finding *Heck* requirement to overturn disciplinary conviction by other means before filing a § 1983 does not apply where success in § 1983 action "threatens no consequence for his conviction or the duration of [inmate's] sentence"). The fine imposed on DePaola had no effect on the length of his confinement. Thus, his success in this § 1983 action would not imply the invalidity of that term of confinement, and his current claims are not barred under *Heck*.

The defendants also argue that compared to expected prison conditions, the fine imposed on DePaola was not an atypical and significant hardship that triggered federal constitutional protections. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). In the alternative, they argue that because DePaola had adequate post-deprivation remedies under state law, he has no constitutional claim regarding the fine as a property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). I reached similar conclusions when I summarily dismissed DePaola's Complaint under 28 U.S.C. § 1915A(b)(1). *See DePaola v. Clarke*, No. 7:17CV00028, 2017

WL 2984144, at *5-6 (W.D. Va. July 13, 2017), *appeal dismissed and remanded*, 708 F. App'x 792 (4th Cir. 2018) (unpublished).[1]

Nevertheless, in dismissing DePaola's appeal as a nonfinal order, the court of appeals did not find these defenses to be determinative of DePaola's due process claims. *DePaola*, 708 F. App'x at 793. Rather, the court of appeals noted that DePaola might be able to cure the defects in his claims by amending the facts about the disciplinary proceedings, *id.*, and DePaola has filed an Amended Complaint. In light of the court of appeals' findings and remand, I intend to address the merits of DePaola's due process claims under *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985).

In addition to the previously referenced legal defenses, the defendants argue that they are entitled to summary judgment on the merits of DePaola's claims. In so doing, however, they submit extensive evidence that contradicts DePaola's allegations in the Amended Complaint. I find that DePaola's allegations state potential due process and/or state law claims against one or more of the defendants, and that the due process principles at issue are clearly established. Moreover, DePaola requests not only monetary damages, but also injunctive relief to expunge his disciplinary conviction from his record. For these reasons, I

---

[1] I also found, in the alternative, that DePaola had not alleged any denial of the limited due process protections required in prison disciplinary proceedings. *Id.* at *6.

conclude that a stay of discovery pending a separate ruling only on qualified immunity is not warranted.

For the reasons stated, it is now **ORDERED** as follows:

1. The defendants' motion to stay discovery (ECF No. 32) is DENIED;

2. The defendants are DIRECTED to respond within 30 days from entry of this Opinion and Order, to plaintiff's discovery requests; and

3. DePaola is DIRECTED to submit his response to defendants' motion for summary judgment within 60 days from entry of this Opinion and Order.

ENTER: July 30, 2018

/s/ *James P. Jones*
United States District Judge